Argued May 19, affirmed October 26, petition for rehearing
denied November 22, 1960

## ROSSMAN *v.* FORMAN

356 P. 2d 430

*Norman L. Easley,* Portland, argued the cause for appellant. On the brief were Seitz, Easley & Whipple.

*Robert W. Packwood,* Portland, argued the cause for respondent. With him on the brief were Wayne

Hilliard and Koerner, Young, McColloch & Dezendorf, Portland.

PER CURIAM.

The plaintiff recovered damages for personal injuries received while riding as a guest passenger in an automobile operated by the defendant. The defendant by requested instructions sought a directed verdict.

The sole issue before this court is whether or not the trial court erred in its refusal to give the requested instructions.

■ The requested instructions for a directed verdict raise the question of whether or not there is any substantial evidence, viewed in the light most favorable for the plaintiff, which would support a judgment for the plaintiff. *Phillips v. Colfax Company, Inc.*, 195 Or 285, 243 P2d 276, 245 P2d 898.

Since the plaintiff was admittedly a guest passenger, this evidence must disclose that her host, the defendant, was guilty of gross negligence. ORS 30.110. The test of whether or not a host has been guilty of gross negligence was recently adopted by this court and is taken from 2 Restatement of Torts 1293, Recklessness § 500, which reads as follows:

> "The actor's conduct is in reckless disregard of the safety of another if he intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him."

Viewed in a light most favorable to the plaintiff, the evidence tends to show the following facts:

The plaintiff and defendant left Seattle, Washington, in the morning of October 20, 1956, and were driving to California. The accident occurred east of Salem, Oregon, on U.S. Highway 99E. Immediately prior to the accident which caused plaintiff's injuries defendant was driving her automobile south on the two-lane highway behind a line of three cars proceeding in the same direction as defendant. It was raining heavily at the time, the road was slippery, fog and rain caused visibility to be extremely limited, for, although daylight, automobiles were moving with their lights on. These automobiles had been travelling in this order and in this weather for a number of miles. At a distance (not shown in the evidence) north of the overpass, the defendant turned her car from the lane of traffic in which she was travelling for the purpose of passing automobiles ahead. While she was passing the second or middle car in her lane, at a speed of from 60 to 65 miles per hour, a vehicle appeared on the overpass, approaching from the south. The defendant applied the brakes on her vehicle in an effort to drop back into her lane of travel and her vehicle began to skid from side to side. She was unable to regain full control of her vehicle to return to her lane of travel and, although almost stopped, her automobile collided with the oncoming vehicle in its lane of travel, approximately 300 feet from the crest of the overpass. There is no evidence that prior to pulling from her lane of travel the defendant had driven the automobile in an unreasonable and imprudent manner.

■ In travelling upon a busy two-lane highway, it must be apparent to all persons that when an attempt

is made to pass a car ahead some danger is to be anticipated because of the likelihood vehicles may be approaching from the opposite direction. Whether or not it is extremely dangerous or reckless for a driver on a two-lane highway to leave his lane of travel for the purpose of overtaking and passing a vehicle ahead is determined, in general, by what a reasonable man must have known under the conditions then and there existing.

This is not the ordinary passing case where a driver, although having good visibility and weather conditions, may have misjudged the existing situation and collided with an approaching car. Here there is evidence of such lack of visibility and slippery road conditions that a reasonable judgment could not be formed and anyone attempting to pass vehicles ahead was, therefore, willing to take the chance that he would not encounter the danger involved in the approach of another vehicle before the passing movement could be accomplished.

It appears, therefore, that under these circumstances reasonable minds could differ as to whether or not the defendant attempted to pass other vehicles with conscious indifference to the situation there present and the danger to be anticipated. This, of course, then presented a question for determination by the trier of facts.

This issue having been determined adversely to the defendant, the judgment must be affirmed.

Justice Rossman did not participate in this opinion.